The Honorable Ed Wilkinson State Senator Post Office Box 610 Greenwood, Arkansas 72936-0610
Dear Senator Wilkinson:
I am writing in response to your request for an opinion on the following question:
 The Hartford Chief of Police is a full-time officer. He was injured and he will be unable to perform his duties as Chief of Police for several months. He is drawing Workers' Compensation benefits from the City of Hartford and, at his request, the City of Hartford is supplementing his Workers' Compensation benefits with accrued vacation and sick leave. Although the Chief of Police is not working and unable to work, under state law can he continue to accrue vacation and/or sick leave?
RESPONSE
Your question inquires about state law rather than any local ordinance. The hours and vacations, holidays, and other fringe benefits of employees are a state, rather than a municipal affair. Cities may thus exercise local legislative authority in the area only if not in conflict with state law. In my opinion state statutes mandate vacation and sick leave for law enforcement officers "employed" by municipalities. The statutes do not specifically address periods of disability, or whether vacation and sick leave benefits continue to accrue during such periods. In my opinion, however, to the extent the Chief of Police is still "employed" by the City, he is entitled to the annual vacation and sick leave awarded by state statutes. *Page 2 
You have not stated whether the City of Hartford has denied the continued accrual of vacation and sick leave during this period, or what other facts might have prompted your question. As an initial matter, A.C.A. § 14-43-602 states that:
 Any city of the first class is authorized to perform any function and exercise full legislative power in any and all matters of whatsoever nature pertaining to its municipal affairs including, but not limited to, the power to tax.
Despite this grant of authority, A.C.A. § 14-43-601 delineates several matters that are "state affairs . . . subject to the general laws of the State of Arkansas" including "hours and vacations, holidays, and other fringe benefits of employees." A.C.A. § 14-43-601(a)(1)(G). Cities may "exercise any function or legislative power upon . . . state affairs if not in conflict with state law." Id. at (a)(2). See also, Arkansas Constitution, art. 12, § 4 ("No municipal corporation shall be authorized to pass any law contrary to the general laws of the state . . .").
State law regarding vacation and sick leave for municipal police officers is found at A.C.A. §§ 14-52-106 and-107 (Repl. 1998). These statutes provide as follows:
 § 14-52-106. Annual vacation
 The head or chief of each police department shall arrange that each employee shall be granted an annual vacation of not less than fifteen (15) working days with full pay.
 § 14-52-107. Uniform sick leave
 (a)(1) From and after April 11, 1969, all law enforcement officers, regardless of their titles, such as city marshal, employed by cities of the first and second class or incorporated towns shall accumulate sick leave at the rate of twenty (20) working days per year beginning one (1) year after the date of employment.
(Emphasis added). *Page 3 
These are the only applicable state statutes I find pertinent to your question. The state "Workers' Compensation Law," A.C.A. §§ 11-9-101
to-911, does not expressly address the continued accrual of vacation or sick leave during periods when workers are receiving workers' compensation benefits.[1]
The statutes above are drafted in mandatory terms, stating that "employees" and law enforcement officers "employed" by cities "shall" be granted fifteen days leave and "sh a l l" accumulate the stated sick leave. This statute does not mention or authorize the suspension of leave accrual during any periods of leave for a work-related injury. In a similar vein, one of my predecessors concluded in Op. Att'y Gen.99-125 that a city was without power to suspend the accrual of sick leave for law enforcement officers during months in which the officers did not work at least eleven days. In that opinion, a city adopted a policy suspending the accrual of sick leave under those conditions. The Attorney General concluded as follows:
 Under the plain language of section (a)(1) of the above-quoted statute [A.C.A. § 14-52-107], all law enforcement officers are to accumulate sick leave at a rate of 20 working days per year (beginning after one year of employment). The statute does not place any limitations on the allowance of this benefit, nor does it authorize cities to do so. Cities are prohibited from enacting any legislation that is contrary to state law.
Id. at 5.
In my opinion, therefore, assuming the Chief of Police you describe is still "employed" or an "employee" of the police department, he is entitled to the continued accrual of annual and sick leave under the statutes above.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve. *Page 4 
Sincerely,
DUSTIN McDANIEL Attorney General
[1] In addition, the Uniform Attendance and Leave Policy Act, which allows the supplementation of workers' compensation benefits with accrued sick leave at A.C.A. § 21-4-208, applies only to state agencies and employees and not to local police departments. See A.C.A. § 21-4-208(8) and (11) (Repl. 2004). The former statute does not expressly mention the continued accrual of leave during such periods. On this point, however, another statute in the same Act provides that sick leave "may not be accumulated during a period of leave without pay when such leave is for ten (10) or more days within a calendar month." A.C.A. § 21-4-207(e)(1) (Supp. 2007). *Page 1